**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4962**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

JESUS BURUCA MARTINEZ,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Anderson.   J. Michelle Childs, District Judge.  (8:12-cr-00481-JMC-10)

_____

Submitted:  July 20, 2016         Decided:  July 29, 2016

_____

Before GREGORY, Chief Judge, and KING and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

G. Wells Dickson, Jr., WELLS DICKSON, P.A., Kingstree, South Carolina, for Appellant.   William N. Nettles, United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Buruca Martinez appeals the district court's judgment and sentence of 120 months in prison after the jury convicted him of conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Martinez's attorney filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal but raising the issues of whether the evidence was sufficient to support his conviction and whether his sentence was reasonable. Martinez was notified of his right to file a pro se supplemental brief but has not done so. After the Anders brief was filed, we directed the parties to file supplemental briefs addressing whether the district court plainly erred in finding that the statutory mandatory minimum applied and sentencing the defendant based on the jury's verdict when the verdict only stated the amount of drugs distributed by the entire conspiracy as a whole. The parties complied, and the appeal is now ripe. We affirm.

In the Anders brief, Martinez's attorney first raised the issue of whether the evidence was sufficient to support his conviction but concluded that it was. We review this issue de novo. See United States v. Said, 798 F.3d 182, 193 (4th Cir. 2015), cert. denied, 84 U.S.L.W. 3643 (2016). "In reviewing evidence sufficiency contentions, we are obliged to view the

2

evidence in the light most favorable to the government and sustain the jury's verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt."  Id. at 193-94 (citation and internal quotation marks omitted).  "A defendant challenging the sufficiency of the evidence faces a heavy burden, as [r]eversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear."  Id. at 194 (citation and internal quotation marks omitted).

To establish a drug conspiracy under 21 U.S.C. § 846, the government must prove that (1) the defendant entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. § 841(a)(1); (2) the defendant had knowledge of that conspiracy; and (3) the defendant knowingly and voluntarily participated in the conspiracy.  United States v. Howard, 773 F.3d 519, 525 (4th Cir. 2014) (citation omitted).  "Given the 'clandestine and covert' nature of conspiracies, the government can prove the existence of a conspiracy by circumstantial evidence alone."  Id. (quoting United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc)).  Once the conspiracy is proven, the evidence need only establish a slight connection between the defendant and the conspiracy to support his conviction.  Burgos, 94 F.3d at 861.

Applying these standards, and viewing the evidence in the light most favorable to the prosecution, we conclude that it was sufficient to support Martinez's drug conspiracy conviction.

In the Anders brief, Martinez's counsel also questioned whether his sentence was reasonable but concluded that it was. In his supplemental brief, counsel now argues the district court plainly erred in violation of United States v. Collins, 415 F.3d 304 (4th Cir. 2005), by imposing the mandatory minimum sentence of 120 months when the quantity of drugs reasonably foreseeable to Martinez was not found by the jury; the error affected his substantial rights; and it seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

The Government concedes the district court plainly erred under Collins as there was no place on the verdict form for the jury to indicate the amount of methamphetamine attributable to Martinez individually. The Government also concedes the error affected his substantial rights but argues we should decline to notice the error, as it did not seriously affect the fairness, integrity, or public reputation of the judicial proceeding.

We review a criminal sentence for an abuse of discretion. United States v. Martinovich, 810 F.3d 232, 242 (4th Cir. 2016) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). Procedural sentencing errors and other specific claims of error raised for the first time on appeal are reviewed for plain

4

error.  United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010); United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). A defendant sentenced based on an erroneous, higher Guidelines range is prejudiced even if the sentence falls in the correct range.  Molina-Martinez v. United States, 136 S. Ct. 1338 (2016).

In United States v. Collins, "we held that, in order to properly apply the sentencing provisions of § 841(b)(1) in a § 846 drug conspiracy prosecution, the jury must determine that the threshold drug quantity was reasonably foreseeable to the defendant."  United States v. Jeffers, 570 F.3d 557, 569 (4th Cir. 2009) (citing Collins, 415 F.3d at 314).  When a defendant fails to object on the Collins issue, we review for plain error only.  Id.; United States v. Foster, 507 F.3d 233, 249 (4th Cir. 2007).  He must show that an error occurred; it was plain; and it affected his substantial rights.  Jeffers, 570 F.3d at 569. "Even if he makes such a showing, however, we can decline to correct the error unless it seriously affected the fairness, integrity, or public reputation of judicial proceedings."  Id. (citation and internal quotation marks omitted).

"[W]here the evidence against a defendant is overwhelming and essentially uncontraverted, a plain error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings, and a reviewing court can choose not to recognize

5

it." Id. (citation and internal quotation marks omitted). "In United States v. Foster, we further explained that if the evidence 'overwhelmingly establishe[s]' that the defendant was personally responsible for the threshold quantity of drugs, and if his trial assertions 'primarily focused on whether he committed the offenses and not on the drug quantities reasonably foreseeable to him,' we may decline to recognize a plain Collins error." Id. at 569-70 (quoting Foster, 507 F.3d at 252).

Having reviewed the record and the parties' arguments, we conclude that the evidence overwhelmingly established Martinez was personally responsible for at least the threshold quantity of 500 grams of methamphetamine. Moreover, his trial assertions primarily focused on whether he committed the offenses and not on the drug quantities reasonably foreseeable to him. We therefore decline to recognize the plain Collins error and conclude that his 120-month sentence is reasonable.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED